IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-528 GMS |
| ) | |
| GOV. R.A. MINER, STATE OF ) | |
| DELAWARE, DE DEPT. OF ) | |
| CORRECTIONS, FIRST CORRECTIONS ) | |
| MEDICAL, NEW CASTLE COUNTY ) | |
| GOVERNMENT, CHRIS COONS, and ) | |
| TOWN OF BELLEFONTE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The plaintiff, Peter Kostyshyn ("Kostyshyn") filed this civil rights action on August 25, 2006, pursuant to 42 U.S.C. § 1983 and "RICO Acts." (D.I. 2.) Kostyshyn appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The court will give plaintiff leave to amend the complaint.

**I.     THE COMPLAINT**

Kostyshyn alleges that he is a victim of ongoing discrimination based upon his race, color, sex, religion, and national origin. More specifically, he alleges that the Delaware Attorney General's office and his court appointed attorney appear to have knowledge of "possible non-jurisdiction of NCC police to arrest/prosecute DE state criminal statutes during the time of

[Kostyshyn's] original arrest." (D.I. 2, at ¶ 9.) Kostyshyn alleges that the State of Delaware, First Correctional Medical ("FCM"), and the Town of Bellefonte, have knowledge and acted in violation of RICO acts by allowing his severe mistreatment, beatings and suffering while he was in their custody and while he was incarcerated at the Howard R. Young Correctional Institution ("HYRCI"), Delaware Correctional Center ("DCC"), Plummer Community Correction Center ("PCCC"), and the Sussex Correctional Institute ("SCI"). Kostyshyn alleges that various prosecuting and defense attorneys have knowledge of the foregoing and requests a hearing to marshal the facts. He seeks monetary damages, expungement of his criminal record, restoration of his voting rights, and a return to his position before he was wrongful convicted and incarcerated.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiffs proceed *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.  ANALYSIS

#### A.  42 U.S.C. § 1983

Kostyshyn's complaint attempts to raise a claim pursuant to 42 U.S.C. § 1983. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)*; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978).

In the present case, Kostyshyn alleges that the discriminatory conduct occurred on multiple dates, "19977 [sic] etc." during his incarceration at several Delaware Department of Correction ("DOC") institutions, including HYRCI, DCC, PCCC, and SCI. (D.I. 2, at ¶ 9.) The vague allegations do not sufficiently apprise the defendants when and where the alleged violations occurred. Additionally, Kostyshyn alleges mistreatment, beatings and suffering, but

gives no specific information sufficient for the defendants to respond to the allegations. Finally, while Kostyshyn names a number of defendants in the caption of the case, the body of the complaint makes no reference to them.

Therefore, the court will dismiss the § 1983 pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Kostyshyn, however, will be allowed to amend his complaint.

### B. Eleventh Amendment Immunity

Kostyshyn names as defendants the State of Delaware and the Delaware DOC, an agency of the State of Delaware. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978)(*per curiam*)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. at 579. Consequently it, and the Department of Corrections are entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford,* C.A. No. 03-868-KAJ, 2004 WL 2009362, at *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). Kostyshyn's claims against the State of Delaware and the Delaware DOC have no arguable basis in law or in fact. Therefore, the court will dismiss the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B).

### C. Habeas Corpus

Kostyshyn seeks damages and expungement of his felony charges. A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994). Under *Heck,* § 1983 claims for damages attributable to an unconstitutional conviction or sentence do not accrue until the conviction or sentence has been invalidated. *Id.* at 489-90.

Here, Kostyshyn has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by *Heck*. Indeed, the court takes judicial notice that Kostyshyn's appeal of his state sentence was dismissed by the Delaware Supreme Court for failure to prosecute. *Kostyshyn v. State*, 872 A.2d 959 (Table), 2005 WL 1003280 (Del. Apr. 27, 2005.) To the extent Kostyshyn seeks damages for recent incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

**D. Civil RICO**

In his complaint, Kostyshyn refer to the Racketeer Influenced and Corrupt Organizations Act ("RICO") statute, 18 U.S.C. §§ 1961, *et seq*. A private cause of action arises under RICO, § 1964(c), which states, in pertinent part, that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

This case alleges violations of Kostyshyn's constitutional rights and makes no reference to injury to his business or property. Thus, in the absence of the requisite injury to "business or property", he has not stated a civil RICO claim. *See* 18 U.S.C. § 1964(c) (only authorizing private cause of actions for persons injured in their "business or property"); *Chadda v. Burcke,*

Nos. 05-1359, 05-2231, 180 Fed. Appx. 370, 372 (3d Cir. 2006). Accordingly, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.   CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim pursuant to 42 U.S.C. § 1983 or under the RICO Act.  An appropriate order will be entered dismissing the case. Kostyshyn, however, will be given leave to amend the complaint.

/s/ _____
UNITED STATES DISTRICT JUDGE

November 16, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-528 GMS |
| ) | |
| GOV. R.A. MINER, STATE OF ) | |
| DELAWARE, DE DEPT. OF ) | |
| CORRECTIONS, FIRST CORRECTIONS ) | |
| MEDICAL, NEW CASTLE COUNTY ) | |
| GOVERNMENT, CHRIS COONS, and ) | |
| TOWN OF BELLEFONTE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

At Wilmington this 16th day of November, 2006, for the reasons set forth in the Memorandum issued this date

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Kostyshyn is given leave to amend the complaint. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE



FILED

NOV 1 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE